Gragg *v.* Frye.

## GRAGG *versus* FRYE.

Upon a count on a note, not alleged to be upon interest, a note drawing interest cannot be received in evidence, though agreeing in all other respects with the count.

Such a count, in a suit previously commenced, and yet pending, cannot, in an action upon a note drawing interest, be pleaded in abatement, as being for the same cause of action.

A note for money given by the plaintiff to the defendant may be proved under an account filed in set-off, for money had and received. For that purpose no amendment of the set-off claim is necessary, though it is allowable, if moved for.

ASSUMPSIT on a promissory note, with set-off filed. The writ is dated in March, 1849. The set-off contained an item of fifty dollars, for money had and received. Defendant moved to *amend his set-off*, by describing a note of hand payable by plaintiff to defendant, or order, and claiming to prove the same under charge for money had and received. The court allowed the amendment, the plaintiff's counsel objecting.

On the trial the defendant offered in evidence the set-off note aforesaid; to the admission of which the plaintiff objected, and offered as a witness, J. A. Peters, the defendant's attorney. Mr. Peters testified, *that*, in February, 1849, he made a writ against the plaintiff in favor of Timothy George, on a note payable to said George by the plaintiff, *that*, when said writ was made, the defendant, Frye, was present, and wished to have this note included in the action, brought by

said George, and indorsed said note for that purpose; *that* a count was made in that writ, intended to be upon that note, in which count, the witness by mistake, mis-described the note by omitting the words "on demand and interest;" *that* there was no count for money had and received in said writ; *that* the note was indorsed and delivered to him by defendant, to be sued in said action as the property of Mr. Frye; *that* it was the defendant's property, and was indorsed merely for the purpose of being sued in that action for Mr. Frye's benefit; *that* he had at this term, by leave of court, withdrawn his count upon said note from the writ.

The Judge admitted the note in set-off.

The jury returned a verdict for defendant. The plaintiff excepted to the rulings.

*Herbert,* for plaintiff.

1. By the facts proved, the legal property in the note passed to George. *Marr* v. *Plumer,* 3 Greenl. 73—76.

The suit by George upon the note was clearly maintainable. *Marr* v. *Plumer,* 12 Maine, 15; *Bradford* v. *Bucknam,* 24 Maine, 336; *Pratt* v. *Thornton,* 28 Maine, 355, 360; *Little* v. *O'Brien,* 9 Mass. 423.

There was a sufficient consideration for the transfer, in the implied promise of George to collect the avails for the use of the defendant.

These were not, then, mutual demands between the parties. While the suit upon the note was pending in favor of George, the plaintiff's demand could not be set off against it.

2. If, however, they were mutual demands, the defendant is estopped, to assert his ownership. The facts proved, would have estopped the plaintiff to say that George was not the owner. Estoppels are mutual.

3. There was a former action pending, which would be good cause of abatement. 1 Chitty's Plead. 488, 489, and note; *Commonwealth* v. *Churchill,* 5 Mass. 174; Story on Pleading, 26; 19 Pick. 13, 20; *Webster* v. *Randall,* 17 Pick. 510.

It is immaterial whether the action of George was pending

Gragg *v.* Frye.

at time of the pleading, if pending when plaintiff's action was commenced.

If urged that George's count on the note was defective, it is replied that it was clearly amendable.

*Peters*, for defendant.

The note was not in suit in a prior action: — 1. Mr. George never consented to have the suit commenced in his name upon Frye's note. *Bradford* v. *Bucknam*, 3 Fairf. 15 & 16.

2. Although the note was *intended* to have been sued, it was mis-described, and *not* included in the prior action, *and* there was no money count in the writ. 1 Term R. 447; 8 Pick. 541; Strange, 1171; 1 Greenl. Ev. § 58; 1 Stark. Ev. 386.

Where the first action must have been *ineffectual*, its pendency will not abate the second suit. 1 Root, 355, 562; Gould's Pleading, ch. 5, § 126.

The count in the prior action had previously to the trial of this cause been withdrawn by leave of court; and as there was no record left of any count upon said note, there was no evidence, by record, that the same had been sued. *Buffum* v. *Tilton*, 17 Pick. 510.

The suits were not between the same parties. To make good the plea of *lis pendens*, the *plaintiff* must be the same in both suits. 2 Sumner, 589; 3 Sumner, 165.

There are not *two suits* in the sense of the plea. We have not twice impleaded the other side. They have impleaded us, not we them. We do not bring them but once into court. It was not voluntary with us to come in again while the first action is pending. We are *forced* into court by the party complaining.

WELLS, J., orally. — The question is as to defendant's right to prove the note in set-off, under an account for money had and received.

The statute requires the demand filed " to be as certain in substance as would be required in a declaration;" and allows

amendments, when deemed proper by the court. It is settled that in a declaration for money had and received, such a note may be given in evidence. The amendment was allowable, but wholly unnecessary.

Another objection is, that the note had been previously sued in the name of another person; and that the defendant had no right to withdraw it pending this action, and to file it here. And the case is said to be analogous to second suits for the same causes of action. But there is a diversity to be considered. In those cases the remedy is in abatement. The objection may be waived. But we think in this case, there was not a previous *lis pendens.* The count was upon a different note, one not drawing interest. This note is upon interest.

This note would not have supported the count. It is upon that ground that our decision is - founded. There was, at no time, a *lis pendens* upon the note.

*Exceptions overruled.*